**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2396**

THEON SMITH,

Plaintiff - Appellant,

v.

DOMESTIC RELATIONS OF CHARLESTON COUNTY; JUDGE DANA A. MORRIS,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:18-cv-02297-DCN)

Submitted:  January 22, 2019                          Decided:  January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Theon Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theon Smith appeals the district court's order dismissing without prejudice his civil complaint challenging a state court child support order.[*] The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended dismissing the action and advised Smith that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985). By failing to file specific objections after receiving proper notice, Smith has waived appellate review of the district court's order.

Accordingly, we affirm the judgment of the district court. We deny Smith's motion to transfer this appeal to the Federal Circuit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have jurisdiction over this appeal because the district court dismissed the action for defects that could not be cured by amendment to the complaint. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).